**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:02-CR-0295-01** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **STEVEN ALLISON SMITH** | : | |

## ORDER

AND NOW, this 13th day of August, 2012, upon consideration of the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 600), filed by Steven Allison Smith ("Smith"), wherein Smith asserts that the January 9, 2011, United States Supreme Court decision in DePierre v. United States, –-- U.S. ---, 131 S. Ct. 2225 (2011) (holding that the term "cocaine base" as used in 21 U.S.C. § 841(b)(1), means not just "crack cocaine" but cocaine in its chemically basic form), alters the calculation of his sentence because the "indictment lists only an unspecified amount of cocaine base," (Doc. 600, at 4), and it appearing that Smith entered a plea of guilty to a Rule 11(c)(1)(C) binding plea agreement (see Doc. 399), and that pursuant to the plea agreement Smith waived his "right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255" (see id. ¶ 22), and the court finding that Smith's motion is barred by the terms of his binding plea agreement, and the court further finding that Smith entered a plea of guilty to Count II of the Seventh Superseding Indictment (Doc. 406) which specifically charges possession with intent to distribute crack cocaine (see Doc. 346; see also Doc. 399 ¶ 13 (wherein the binding plea

agreement states that "defendant is responsible for distributing or possessing with intent to distribute between 50 and 150 grams of crack cocaine")) and that DePierre has no bearing on the calculation of his sentence,[1] see R. GOVERNING § 2255 CASES R. 4(b) (stating that court must review the motion before ordering service on government), and the court concluding that it plainly appears that Smith is not entitled to relief, see id., it is hereby ORDERED that the motion to vacate, set aside or correct sentence is DENIED.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

---

[1] Moreover, the court notes that Smith's motion does not satisfy the one-year time bar on § 2255 motions. See United States v. Bendolph, 409 F.3d 155, 164 (3d Cir. 2005) (providing that the court may raise the issue of § 2255 limitations period *sua sponte*). Smith claims he falls within the limitations period under 28 U.S.C. § 2255(f)(3), which provides in pertinent part that the one-year limitation period runs from the latest of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral view." 28 U.S.C. § 2255(f)(3); (Doc. 600, at 12). DePierrre is inapplicable to Smith's case and therefore cannot serve as a basis for his § 2255 motion.